# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JERRY SCHEPPELE,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE and ARNOLD STEVENSON,<br><br>    Defendants. | No. C05-1036-LRR<br><br>**ORDER** |

_____

The matter before the court is Plaintiff Jerry Scheppele's Motion for Order of Injunction and Motion for Expedited Hearing Pursuant to FRCP 65, LR 65.1 and LR 7.1(j) filed on June 9, 2005 (docket no. 1). In his Motion, Scheppele seeks injunctive relief against the Internal Revenue Service ("IRS") and Arnold Stevenson in his "private and public" capacities. Scheppele submitted to the court a proposed order in which he asks that the court estop Defendants from holding a tax sale of Scheppele's real property, which currently is scheduled for 10:00 a.m. on June 14, 2005, and from levying and garnishing Scheppele's wages to collect a tax debt Scheppele allegedly owes to the IRS. The court notes, while Scheppele admits in his Motion he has been aware of Defendants' intent to collect this debt since December 6, 2004, Scheppele waited until 5 days before the sale of his property was to take place before seeking relief here. Further, the record reflects, to date, Scheppele has not served a copy of his Motion on Defendants.

The court's review of Scheppele's Motion and the brief he filed in support thereof revealed, while Scheppele alleges many instances of wrongdoing on the part of Defendants, in actuality, Scheppele seeks only to enjoin Defendants' sale of his property

and the garnishment of his wages to collect a tax debt. The Anti-Injunction Act "prohibits federal courts from entertaining any action filed to restrain the assessment or collection of taxes." *O'Hagan v. United States*, 86 F.3d 776, 778 (8th Cir. 1996) (citing 26 U.S.C. § 7421(a)). "The primary purpose of the [Anti-Injunction] Act is to facilitate the expeditious collection of taxes by the government." *Id.* (citing *Enochs v. Williams Packing & Navigation*, 370 U.S. 1, 7 (1962)). While the Anti-Injunction Act contains several statutory exceptions, *see* 26 U.S.C. § 7421(a), and there exists a limited judicial exception set forth in *Enochs,* 370 U.S. at 7, Scheppele has not alleged any of these exceptions apply. Accordingly, because Scheppele seeks in his Motion to enjoin the Defendants from collecting taxes, the court finds it is without subject matter jurisdiction over Scheppele's claims in this case.[1]

In light of the foregoing IT IS ORDERED Scheppele's Motion for Order of Injunction and Motion for Expedited Hearing Pursuant to FRCP 65, LR 65.1 and LR 7.1(j) (docket no. 1) is DENIED and this action is DISMISSED.

**SO ORDERED.**

**DATED** this 14th day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes Scheppele did not file a Complaint in this case, but rather filed only the instant Motion. The court therefore considers Scheppele's Motion also to serve as his Complaint in this action.